No. 159.—THE JUSTICES OF THE INFERIOR COURT OF CLARKE COUNTY, plaintiffs in error, *vs.* GREENE B. HAYGOOD, administrator, &c. defendant.

[1.] Executors and administrators are not liable to costs, when plaintiffs, upon a non-suit or verdict, where the action is brought upon a contract entered into by the testator or intestate, or for a wrong done in his lifetime.

Motion, in Clarke Superior Court. Decision by Judge JACKSON, August Term, 1856.

Haygood, as administrator of James Hendon, brought an action against the Justices of the Inferior Court of said county. A verdict and judgment was rendered in favor of the plaintiff. The defendants, by writ of error, carried the case to the Supreme Court and paid all the costs accrued before that time, and also in the Supreme Court. The judgment was there reversed, and the plaintiff below then dismissed his case. This motion was, to enter up a judgment for the costs thus paid, against Haygood individually.

This motion was refused, and this decision is assigned as error.

COBB & HULL; PEEPLES, for plaintiffs in error.

T. R. R. COBB, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The action was brought in this case by the administrator of James Hendon, deceased, for a wrong done in the lifetime of the intestate. And the only question is, whether the estate being insolvent, the representative is personally liable for costs? There being no Statute in the State applicable to the case, the point must be determined by the English Law, as it existed at the time of our Adopting Act.

At Common Law, no costs were recoverable by the defendant. But by the Statute 23 *Hen. VIII. c.* 15, s. 1, it is enacted that the defendant shall be entitled to costs, if the plaintiff be non-suited, or a verdict pass against him in any action, &c. upon a personal wrong done to the plaintiff; or in any action, &c. upon any specialty made to the plaintiff; or upon any contract supposed to have been made between the plaintiff and any other person. (*Schley's Digest*, 160.)

This Act, however, was held not to apply to an action brought by executors or administrators for a wrong done *in the time of the deceased*, or upon a contract made with him; because the words of the Act extend only to wrongs done to, and contracts made with the *plaintiff*. Accordingly, it was uniformly held that executors and administrators were not liable to costs when *plaintiffs*, upon a non-suit or verdict, where the action was brought upon a contract entered into by the testator or intestate, or for a wrong done in his lifetime. (*Tidd's Pr.* 978; *Wms. on Executors*, 1614, 1615.)